UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MADHU SHARMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-10992-NMG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant United States of America ("Defendant"), by Andrew E. Lelling, United States Attorney for the District of Massachusetts, and Michael Sady, Assistant United States Attorney, hereby answers Plaintiff's Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, therefore, they are denied.

2. Defendant admits only that it is the sovereign and that the United States Postal Service ("USPS") is an independent establishment of the executive branch of the federal government. Defendant further admits that at all times relevant to Plaintiff's Complaint USPS employees were acting in the scope and course of their employment with the USPS. Defendant denies any and all remaining allegations not specifically admitted in Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff has filed suit under the Federal Tort Claims Act ("FTCA") but denies Plaintiff is entitled to any relief under it. Defendant further admits that at all times relevant to Plaintiff's Complaint, USPS employees were acting in the scope and course of their employment with the

USPS. Defendant denies any and all remaining allegations not specifically admitted in Paragraph 3 of the Complaint.

4. The allegations contained in Paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that the accident alleged in Plaintiff's Complaint occurred within this judicial district. Defendant denies any and all remaining allegations not specifically admitted in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that plaintiff s filed and administrative claim with the USPS on November 19, 2018 and that Plaintiff's claim was denied by the USPS on January 31, 2019. Defendant denies any and all remaining allegations not specifically admitted in Paragraph 5 of the Complaint.

6. The allegations contained in Paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that Plaintiff filed an administrative claim with the USPS on November 19, 2018 and that Plaintiff's claim was denied by the USPS on January 31, 2019. Defendant denies any and all remaining allegations not specifically admitted in Paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, therefore, they are denied.

8. Defendant admits only that at all times relevant to Plaintiff's Complaint, the USPS was operating a vehicle which was involved in the occurrence at issue in Plaintiff's Complaint through its employees who were acting in the scope and course of their employment

Case 1:19-cv-10992-NMG   Document 9   Filed 07/17/19   Page 3 of 6


with the USPS.  Defendant denies any and all remaining allegations not specifically admitted in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, therefore, they are denied.

11. Defendant admits only that on March 2, 2017, USPS employee Joseph Reilly was operating a USPS vehicle on Blakely Avenue near its intersection with McGrath O'Brien Highway in Somerville, Massachusetts while in the scope and course of his employment with the USPS. Defendant denies any and all remaining allegations not specifically admitted in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant incorporates by reference its previous answers as if fully set forth herein.

15. The allegations contained in paragraph 6 of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits only that any duty it may have owed Plaintiff is defined by applicable state law.  Defendant denies any and all remaining allegations not specifically admitted in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

In further answering, Defendant denies any allegations of this Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

1. Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

2. Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of that set forth in Plaintiff's administrative claims presented to the United States Postal Service that sum being $25,000.00.

3. Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

4. Plaintiff's Complaint fails to state a claim or any claim upon which relief can be granted against Defendant.

5. Plaintiff's damages and losses, if any, were solely and proximately caused by Plaintiff's own negligence, carelessness or recklessness.

6. Plaintiff's damages and losses, if any, were solely and proximately caused by a Third-Party's fault and negligence, if there was any fault or negligence, and not by the United States.

7. Plaintiff's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to her fault and negligence in causing the alleged accident.  Further, Plaintiff is prohibited from recovering any amount against Defendant if the negligence of Plaintiff is determined to be greater than any fault of Defendant.

8. Plaintiff's damages and losses, if any, were not causally related to the any negligence alleged by Plaintiff, which the United States denies.

9. Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

10. The United States discharged any duties it may have owed to Plaintiff.

11. If a judgment is recovered against the United States in this case, that judgment must be reduced by amounts that have been or will with reasonable certainty be reimbursed or indemnified, in whole or in part, from any collateral source, including but not limited to insurance, Social Security, Medicare, Medicaid, Tricare, Workers Compensation or employee benefit programs.

12. Defendant United States, through its employees, agents, and servants, acted at all relevant times with due care and diligence and therefore the United States could not have breached any actionable duty owed to Plaintiff.

13. In the event that Defendant United States is found negligent, which negligence it denies, such negligence is not the cause in fact or proximate cause of alleged damages suffered by Plaintiff

14. This case is limited to the law of the Commonwealth of Massachusetts, and all damages sought must be allowable under Massachusetts law.

15. Plaintiff's recovery, if any, is limited by her failure to mitigate damages.

16. Pursuant to 28 U.S.C. § 2674, Defendant United States is not liable for interest prior to judgment or for punitive or special damages.

17. Plaintiff is not entitled to an award of post-judgment interest as to the United States.

18. Plaintiff's attorney's fees are limited to 25 percent of any judgment rendered or settlement made pursuant to 28 U.S.C. § 2678 and are not to be awarded separately, but are to be paid out of the amount of the judgment or settlement.

19. Defendant has, or may have, further or additional defenses which are not yet known, but which may become known through future discovery. Defendant asserts herein each and every affirmative defense as may be ascertained through future discovery including those required by Rule 8 and 12 of the Federal Rules of Civil Procedure.

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

By. */s/ Michael Sady*
MICHAEL SADY, B.B.O. #552934
Assistant United States Attorney
District of Massachusetts
One Courthouse Way, Suite 9200
Boston, Massachusetts  02210
(617) 748-3100
Michael.sady@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Michael Sady*
Michael Sady
Dated:  July 17, 2019          Assistant U.S. Attorney